UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EARNESTINE HERNANDEZ                           CIVIL ACTION NO. 15-cv-2271

VERSUS                                         JUDGE FOOTE

ANTHONY SMITH, ET AL                           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Earnestine Hernandez ("Plaintiff"), who is self-represented, filed this civil rights action based on the alleged wrongful death of her daughter, Amanda Hernandez. The complaint is not clear as to how Amanda died, but Plaintiff faults Haynesville Police Chief Anthony Smith and police officer Jason Branch. She also names as defendants Dr. Frank Peritti, who performed the autopsy, and Dr. Donald K. Haynes of the Claiborne Parish Coroner's Office. For the reasons that follow, it is recommended that the civil action be dismissed as untimely.

Plaintiff is proceeding in forma pauperis, so her complaint is subject to review under 28 U.S.C. § 1915. A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(i). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015). District courts may raise the defense of limitations sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present her position. Day v. McDonough, 126 S.Ct. 1675 (2006).

Plaintiff's complaint asserts that it is for a violation of civil rights, and a memorandum attached to the complaint specifically cites 42 U.S.C. § 1983. That statute does not have its own statute of limitations, so Louisiana's one-year prescriptive period governs. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). Federal law determines when the claim accrues, and it provides that the limitations period begins to run the moment the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). The plaintiff need not realize that a legal cause of action exists; she need only know the facts that would support a claim. Id.

The main portion of Plaintiff's complaint does not appear to disclose the date on which Amanda Hernandez died or when Plaintiff became aware of her death. But attached to the complaint is a legal memorandum in which Plaintiff acknowledges a timeliness problem and argues that equitable tolling should apply. The memorandum states that Amanda Hernandez died on June 18, 2014, the coroner issued a report that same date, and Dr. Peritti issued his report on July 1, 2014. Plaintiff acknowledges that her claims are subject to a one-year prescriptive or limitations period. Her complaint was not tendered to the Clerk of Court until August 24, 2015, more than 65 days after the one-year anniversary of the death of her daughter and more than 50 days after the anniversary of the autopsy report.

Plaintiff invokes the doctrine of equitable tolling. Just as the federal court borrows the forum state's statute of limitations for Section 1983 purposes, it also borrows the state's

tolling principles. Walker v. Epps, 550 F.3d 407, 415 (5th Cir. 2008). Louisiana recognizes contra non valentem, an equitable doctrine with roots in the civil and common law, under which prescription may be suspended when a person cannot file suit. Jenkins v. Starns, 85 So. 3rd 612, 623 (La. 2012). Federal courts have applied the doctrine in Section 1983 cases when equitable tolling was invoked. See, e.g., Broussard v. Brown, 599 Fed. Appx. 188 (5th Cir. 2015); Walker v. Gusman, 2015 WL 2354071 (E.D. La. 2015). The Supreme Court of Louisiana has recognized four circumstances where the doctrine is applied:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;

(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or

(4) where the cause of action is neither known or reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

Marin v. Exxon Mobil Corp., 48 So.3d 234, 245 (La. 2010). The doctrine is to be applied only in exceptional circumstances and "will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." Id. at 245–46.

      Once it is shown that more than a year has elapsed between the time of the actionable conduct and the filing of suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, using an exception such as contra non

valentem.  <u>Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co</u>., 290 F.3d 303, 320 (5th Cir. 2002).  Plaintiff admits that more than one year has passed between the death of her daughter and the filing of her complaint, so she bears the burden of showing that she meets an exception to the rule.  Neither of the first two categories of contra non valentem are possibly applicable.  The third category applies only when (1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice; (2) the defendant's actions effectually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff must have been reasonable in his or her inaction.  <u>Marin</u>, 48 So.3d at 252.  The fourth category, known as the discovery rule, applies only when the plaintiff did not know sufficient facts and have a reasonable basis for filing suit against a certain defendant.  <u>Marin</u>, 48 So.2d at 245; <u>Fontenot v. ABC Ins. Co.</u>, 674 So.2d 960, 964 (La. 1996).

     Plaintiff makes a statement that prescription does not run against a person who is interdicted, but she does not allege that she was interdicted or otherwise incapacitated.  Plaintiff alleges that Chief Smith and Officer Branch and the other defendants "concealed viable evidence willfully and wrongfully" and that Plaintiff investigated, inquired, and "sought with diligence the answers she has today."  She also makes reference to "newly discovered evidence and proof" that establishes the validity of her allegations. Plaintiff does not, however, offer any specific facts about what evidence was concealed, how it was concealed, how she discovered it, why it was necessary to allow her to file a complaint, or (perhaps most important) when she discovered it.  Plaintiff makes general reference to lack

of information and "circumstances beyond her control," but she does not offer any specific facts that could possibly shoulder her heavy burden of showing that she is entitled to be excused from her untimely filing based on the limited exceptions of the contra non valentem doctrine.

Plaintiff conceded in her initial filings that her complaint was untimely on its face, and she filed a memorandum in an effort to meet an exception to prescription. That filing, together with the objections period that follows this Report and Recommendation, satisfies the reasonable notice and opportunity requirement for the court to raise the limitations defense sua sponte. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process). Plaintiff did not meet her burden of articulating facts that, if accepted as true, would establish a basis for contra non valentem.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice on the grounds that it is untimely.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of September, 2015.

Mark L. Hornsby
U.S. Magistrate Judge